JAMES T. WHITE, JR., INDIVIDUALLY AND AS TAX COLLECTOR OF THE TOWNSHIP OF HAZLET, PLAINTIFF, v. HAZLET TOWNSHIP SEWERAGE AUTHORITY, A PUBLIC BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division Monmouth County

Decided December 30, 1980.

*John A. Golden* argued the cause for plaintiff (*Golden & Golden*, attorneys).

*Morton P. Kramer* argued the cause for defendant (*Kramer & Micheletti*, attorneys).

SHEBELL, A. J. S. C.

This matter is before the court on cross motions for summary judgment in an action in lieu of prerogative writs. Plaintiff Tax Collector of the Township of Hazlet seeks to compel the Hazlet Township Sewerage Authority to certify to him a list of liens of the Sewerage Authority for delinquent charges of its customers so that they may be perfected as municipal liens upon the properties of the customers. The Authority refuses to do so maintaining that it is an autonomous body and can use such alternate means as it chooses to collect the sums due from its customers and that it cannot be compelled to send such a list to the Township.

This question has not previously been reported in a court decision although the Assembly Municipal Government Committee in its statement accompanying *N.J.S.A.* 54:5–14, Senate Bill No. 200, Laws 1977, Chapter 78, stated:

> "The committee has, however, ascertained to its satisfaction that municipal authorities are required to report and register their liens with the municipal officer charged with registering such liens and with issuing search certificates."

The question of the ability of the municipality to compel the Sewerage Authority to turn over a list of service charges over due from its customers arises because the statute dealing with the enforcement of the lien for such service charges is silent as to that particular point. *N.J.S.A.* 40:14A–2 directs that service charges of any sewerage authority which are not paid when due shall be a lien upon the real property. This statute also provides for alternate remedies for collection of the service charges and enforcement of the liens. One of the means is by imposing on the municipal officer charged by law with enforcing municipal liens on real property the duty of enforcing the liens of sewer-

age authorities for unpaid service charges filed with him by the sewerage authority. *N.J.S.A.* 40:14A–21(e). Again the statute does not provide whether it is discretionary or mandatory with the sewerage authority to file the lien with the municipal officer.

This court is satisfied from a reading of the entire enabling act pertaining to sewerage authorities that the legislature intended to impose upon both the municipality and the sewerage authority a reciprocal obligation for the protection of public funds and property to insure that sewerage authority liens for services rendered but not paid for when due would result in perfected liens upon the property in question. This can only occur when the sewerage authority provides a certified list of the liens to the appropriate municipal officer and the lien is not enforceable against a bona fide purchaser until so filed. *N.J.S.A.* 40:14A–21(b).

The Hazlet Township Sewerage Authority has the obligation to promptly file with the Tax Collector of the Township of Hazlet a certified list of all outstanding liens for service charges due and owing to the Sewerage Authority. The refusal to do so is contrary to law.

Plaintiff's motion for summary judgment is granted and plaintiff is directed to submit an appropriate order compelling the Sewerage Authority to certify the aforesaid liens forthwith. Plaintiff has not supplied the court with any authority for its prayer for counsel fees and costs and said application is denied.